### AKARD LBR. CO. v. STATE INDUSTRIAL COM. et al.

No. 21900. Opinion Filed April 21, 1931.

Freeling & Box, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for Industrial Commission.

PER CURIAM. This is an original action in this court to review an award of the State Industrial Commission made in a proceeding wherein John Robert Scott was claimant. The award of the Industrial Commission found claimant was entitled to compensation and that W. S. Barrow was primarily liable and that the Akard Lumber Company was secondarily liable therefor and ordered payment of such compensation in accordance with its findings of fact.

For the respondent, the State Industrial Commission, the Attorney General has filed in this cause a confession of error setting forth a lack of evidence to support the finding that the Akard Lumber Company was secondarily liable for compensation to claimant.

We have examined the transcript of the evidence and find no evidence presented therein that the Akard Lumber Company was in any way connected with the business of manufacturing lumber conducted by W. S. Barrow at the time of claimant's injury except as a purchaser of the part of manufactured product. The evidence clearly shows that the claimant was employed and rendered services for W. S. Barrow only. We therefore conclude that in so far as the findings of fact by the Industrial Commission that the Akard Lumber Company was secondarily liable and the award made rendering it secondarily liable for payment of com-

pensation are erroneous and should be vacated. W. S. Barrow is not made a petitioner herein and does not complain of the award made against him, and the award in favor of the claimant directing W. S. Barrow to pay the compensation awarded is one of which the petitioner herein cannot complain.

The award of the Industrial Commission as to the Akard Lumber Company's liability is vacated and as to W. S. Barrow, such award is affirmed.